IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DONALD MAYNARD,

        Plaintiff,

v.                                    CIVIL ACTION NO. 3:10-1006

CHESAPEAKE ENERGY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand (Doc. 5). For the following reasons this motion is **DENIED**.

**Background**

This case was originally filed in the Circuit Court of Wayne County, West Virginia. Plaintiff alleges in his Complaint that Chesapeake damaged his real property, located in Wayne County, West Virginia. He seeks $150,000.000, plus court costs, other damages, and timber recoverable as damages in this action. Defendant Chesapeake Energy Corporation ("Chesapeake") filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441 on August 9, 2010. Plaintiff now moves to have this action remanded to state court.

**Analysis**

The federal district courts are courts of limited jurisdiction, "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Therefore, removal jurisdiction is strictly construed, *Mulchahey v. Columbia*

*Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), and the party seeking removal has the burden of establishing federal jurisdiction. *Id*; *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). Pursuant to 28 U.S.C. § 1441 removal is proper "only if 'the district courts of the United States have original jurisdiction'" over the matter. *Lontz v. Tharp,* 413 F.3d 435, 439 (4th Cir. 2005). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey,* 29 F.3d at 151.

Where the statutory requirements for diversity jurisdiction are met, a defendant may remove a case to federal court. *Lontz,* 413 F.3d at 439; *see also,* 28 U.S.C. §§ 1332, 1441. Here, Defendant Chesapeake has clearly established its principal place of business as Oklahoma, Doc. 6-1, and Plaintiff is a resident of West Virginia. Further, Plaintiff is seeking a judgment of $150,000.00. Compl. ¶ 8. This case satisfies the citizenship and amount in controversy requirements for diversity jurisdiction. 28 U.S.C. § 1332. Therefore, Plaintiff's Motion to Remand is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:      October 18, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE